IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
CIVIL ACTION NO. 3:13-CV-00294-MOC-DSC

| | |
|---|---|
| DORIS KIMBERLY SCOTT, ) | |
| ) | |
| Plaintiff, ) | |
| ) | **MEMORANDUM** |
| v. ) | **AND ORDER** |
| ) | |
| ) | |
| NORTH CAROLINA DEPARTMENT OF ) | |
| REVENUE, ) | |
| ) | |
| Defendant. ) | |

**THIS MATTER** is before the Court on the "Defendant's Motion to Dismiss," Doc. 12, filed January 21, 2014 and "Plaintiff's Motion for Extension of Time to Serve Complaint," Doc. 15, filed February 7, 2014 and the parties' associated briefs and exhibits, Docs. 13, 14, 16 and 17.

This matter has been referred to the undersigned Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1), and these Motions are now ripe for consideration.

Having fully considered the arguments, the record, and the applicable authority, the Court will treat Defendant's Motion to Dismiss for insufficient service and insufficient service of process as a motion to quash and <u>grant</u> the Motion. Additionally, the Court <u>grants</u> Plaintiff's Motion for Extension of Time to Serve Complaint. The Court will defer ruling on Defendant's Motion to Dismiss under Rule 12(b)(6) unless and until service is perfected, as discussed below.

**I. PROCEDURAL AND FACTUAL BACKGROUND**

This is an action seeking legal, equitable and declaratory relief under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e et seq. ("Title VII"), and the common law and public policy of the State of North Carolina. Plaintiff's claims arise from alleged unlawful discrimination based upon retaliation and wrongful termination of her employment by Defendant North Carolina Department of Revenue.

On May 14, 2013, Plaintiff filed her Complaint, within ninety (90) days of receipt of the EEOC Right-to-Sue Notice, alleging unlawful discrimination based upon retaliation and wrongful termination of her employment. Plaintiff seeks monetary and injunctive relief. On September 6, 2013, copies of the Summons and Complaint were received by Defendant's Chief Executive Officer, Lyons Gray. On January 21, 2014 Defendant filed this Motion to Dismiss asserting lack of subject matter jurisdiction, lack of personal jurisdiction, improper service and failure to state a claim upon which relief can be granted.

## II. DISCUSSION

"Where a motion to dismiss is filed based on insufficient process or insufficient service of process, affidavits and other materials outside the pleadings may be properly submitted and considered." El v. Max Daetwyler Corp., No. 3:09-cv-415, 2011 WL 1769805, *8 (W.D.N.C. May 9, 2011) aff'd, 451 Fed. Appx. 257 (4th Cir. Oct. 20, 2011).

> [T]he party on whose behalf service is made has the burden of establishing its validity when challenged; to do so, he must demonstrate that the procedure employed satisfied the requirements of the relevant portions of Rule 4 and any other applicable provision of law.

Id. (quoting Light v. Wolf, 816 F.2d 746, 751 (D.C.Cir.1987)). Where the procedural requirements for sufficient process and service of process are not satisfied, a court lacks personal jurisdiction over the defendant. Id. (citing Gorman v. Ameritrade Holding Corp., 293 F.3d 506, 514 (D.C. Cir. 2002)).

Defendant contends that Plaintiff's Complaint should be dismissed because of insufficient process and insufficient service of process. A court cannot exercise personal jurisdiction over a defendant until he has been served with a summons. Omni Capital Int'l v. Rudolph Wolff & Co., Ltd., 484 U.S. 97, 104 (1987). Actual notice of a lawsuit is insufficient to confer jurisdiction over the person of a defendant, and improper service of process, even if it results in notice, is not sufficient to confer personal jurisdiction. Bowman v. Weeks Marine, Inc., 936 F.Supp. 329, 336–37 (D.S.C. 1996) (citing Mid–Continent Wood Prods., Inc. v. Harris, 936 F.2d 297 (7th Cir.1991)), abrogated on other grounds by, Murphy Bros., Inc. v. Michetti Pipestringing, Inc., 526 U.S. 344 (1999)).

If it appears that effective service can be made and the delay resulting from ineffective service has caused no prejudice to the defendant, the Court may quash the service rather than dismiss the action. Belcher v. Walz, No. 1:12cv00031, 2012 WL 4458190, at *2 (W.D. Va. August 30, 2012). "Where 'the first service of process is ineffective, a motion to dismiss should not be granted, but rather the Court should treat the motion in the alternative, as one to quash the service of process and the case should be retained on the docket pending effective service.' Id. (quoting Vorhees v. Fischer & Krecke, 697 F.2d 574, 576 (4th Cir.1983)). The case should only be dismissed when there is no reasonable likelihood that the plaintiff will be able to achieve proper service on the defendant. Id. (citing Umbenhauer v. Woog, 969 F.2d 25, 31 (3rd Cir.1992)).

The Federal Rules of Civil Procedure provide two methods for service of a summons and complaint on a state-created governmental organization such as the North Carolina Department of Revenue:

> by (A) delivering a copy of the summons and of the complaint to its chief executive officer; or (B) serving a copy of each in the manner prescribed by

that state's law for serving a summons or like process on such a defendant.

Fed.R.Civ.Pro. 4(j)(2). The North Carolina Rules of Civil Procedure provide that an agency of the State may be served:

> By personally delivering a copy of the summons and of the complaint to the process agent appointed by the agency in the manner hereinafter provided; by mailing a copy of the summons and of the complaint, registered or certified mail, return receipt requested, addressed to said process agent; or by depositing with a designated delivery service authorized pursuant to 26 U.S.C. § 7502(f)(2) a copy of the summons and complaint, addressed to the process agent, delivering to the addressee, and obtaining a delivery receipt.

N.C. Rules of Civil Pro. 4(j)(4). The process agents for the North Carolina Department of Revenue upon whom process may be served are Chief Operating Officer Jeff Epstein and General Counsel Daniel Garner at P.O. Box 871, Raleigh, North Carolina 27602. These names and addresses are listed on the website of the North Carolina Attorney General and are considered public records.

Plaintiff attempted service by mailing the Summons and Complaint to the chief executive officer of the Department, Secretary Lyons Gray, by certified mail return receipt requested. The mail was addressed to the physical address of the Department at 501 North Wilmington Street in Raleigh. Plaintiff offers the certified mail receipt stamped with the name of Felix Desantis, Director of the Mail Services Center in Raleigh, as proof of service.

According to Mr. Desantis' Affidavit, in accordance with the standard operating procedures for mail addressed to a street address in Wake County occupied by a State entity, this mail was directed to the State's Mail Service Center for processing. Mail that requires a signature is stamped by various employees with the date and the signature of Felix Desantis. The Mail Service Center receives more than 300 mail receipts for

signature each business day.  After processing, the mail is transferred to the proper department.  According to Mr. Desantis' Affidavit, last year the Center handled over 30 million pieces of mail and the Department of Revenue received approximately 6 million pieces of mail. Mr. Desantis is not a process agent for the Department of Revenue. Furthermore, according to Secretary Gray's Affidavit, the Summons and Complaint were not delivered to him.  He was out of the office for major surgery from August 5 until September 9, 2013, when he returned on a part-time basis.

The Court finds that service of process and process are not proper in this case.  Under Federal Rule of Civil Procedure 4(j)(2)(A), delivering a copy of the Summons and Complaint to Defendant's chief executive officer would have been proper service.  However, "the word 'delivering' in Rule 4(j) indicates that personal service should be made upon that particular individual." 4B Fed. Prac. & Proc. Civ. § 1109 (3d. ed. 2013)(collecting cases).  By mailing the Summons and Complaint by certified mail return receipt requested and addressed to Secretary Gray, Plaintiff did not comply with Rule 4(j)(2)(A).

However, it appears reasonably likely the Plaintiff will be able to achieve proper service on the Defendant according to the methods prescribed by Rule 4 of the Federal Rules of Civil Procedure. Consequently, the Court will treat Defendant's Motion to Dismiss as a motion to quash the service of process.  The Court will grant the motion to quash the service of process on the Defendant.  Additionally, the Court will <u>grant</u> Plaintiff's Motion for Extension of Time to Serve Complaint.  Plaintiff shall have 14 days from the date of this Order to perfect service and service of process on Defendant and to file proof of service with the Court.

Defendant has alternatively moved to dismiss the Complaint for failure to state a claim under Rule 12(b)(6).  The Court will defer ruling on this portion of the Motion until service is

properly effected.

**SO ORDERED**.

Signed: March 25, 2014

David S. Cayer
United States Magistrate Judge