# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# CHARLOTTE DIVISION
# CIVIL ACTION NO. 3:13-CV-00294-MOC-DSC

| | |
|---|---|
| DORIS KIMBERLY SCOTT, | ) |
| Plaintiff, | ) |
| v. | ) **MEMORANDUM AND RECOMMENDATION** |
| NORTH CAROLINA DEPARTMENT OF REVENUE, | ) |
| Defendant. | ) |

**THIS MATTER** is before the Court on the "Defendant's Motion to Dismiss," Doc. 12, filed January 21, 2014 and the parties' associated briefs and exhibits, Docs. 13, 14, and 16.

This matter has been referred to the undersigned Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1), and this Motion is now ripe for consideration.

On March 25, 2014, the Court issued a "Memorandum and Order," Doc. 18, ruling that Defendant's Motion to Dismiss for insufficient process and insufficient service of process should be granted in the alternative as a motion to quash. The Court also granted Plaintiff's Motion for Extension of Time to Serve Complaint and allowed Plaintiff fourteen days to properly serve Defendant. The Court deferred ruling on Defendant's Motion to Dismiss under Rule 12(b)(6) pending proper service upon Defendant. Plaintiff filed an Affidavit of Service on April 8, 2014. Therefore, the Court will now address Defendant's Motion to Dismiss under Rule 12(b)(6).

Having fully considered the arguments, the record, and the applicable authority, the Court respectfully recommends that Defendant's Motion to Dismiss be <u>granted in part and denied in part</u>, as discussed below.

## I. PROCEDURAL AND FACTUAL BACKGROUND

This is an action seeking legal, equitable and declaratory relief under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e et seq. ("Title VII"), and the common law and public policy of the State of North Carolina. Plaintiff's claims arise from alleged unlawful discrimination based upon retaliation and wrongful termination of her employment by Defendant North Carolina Department of Revenue.

Accepting the factual allegations of the Complaint as true, Plaintiff was employed by the Department of Revenue as a Revenue Officer in the Collection Division on February 8, 1993. Doc. 1 at ¶ 9. On or about May 1, 1999, Plaintiff was transferred to the Field Examination Division as a Field Auditor Trainee and later to Field Auditor I. Id. at ¶ 10. On February 10, 2011, Plaintiff filed a charge against Defendant with the Equal Employment Opportunity Commission ("EEOC"). Sometime in April 2011, Plaintiff was transferred to the Collection Department as a Revenue Administration Officer II, under a new supervisor, Beth Collins. Id. at ¶ 11. Plaintiff did not receive a job description for the new position until about three months after her transfer. Id. at ¶ 12. The job duties Plaintiff was assigned by her supervisor were different from those given to other Revenue Administration Officer IIs. Id. at ¶ 13.

On or about June 28, 2011, Plaintiff met with her supervisor and expressed concern about being assigned work that was not part of her written job description. Id. at ¶ 14. After the June 2011 meeting, Plaintiff alleges that she was intensely scrutinized by her supervisor in retaliation for complaining about her work. Id. at ¶ 15. Her supervisor notified her that she was subject to a different process for taking leave and making up days missed for inclement weather. Id. at ¶ 16.

On or about October 11, 2011, Plaintiff complained to the Secretary of Revenue about the different treatment she was receiving from her supervisor and an investigation was launched. Id. at ¶ 17. In retaliation for her complaint to the Secretary of Revenue, Plaintiff was placed on a Performance Improvement Plan (PIP). Id. at ¶ 18.

On February 29, 2012, Plaintiff filed a second charge of discrimination with the EEOC alleging retaliation. Id. at ¶ 19. On or about March 8, 2012, Plaintiff met with Beth Collins and Charlie Helms about her job performance and alleged insubordination. Id. at ¶ 20. Plaintiff contends that she performed the work she was assigned and was not insubordinate. Id. at ¶ 21. On or about March 12, 2012, Plaintiff received a written warning for personal misconduct and unsatisfactory job performance. She asserts that this was in retaliation for the charge of discrimination she filed with the EEOC. Id. at ¶ 22.

On or about May 16, 2012, Plaintiff received a second written warning for personal misconduct, unsatisfactory job performance and willful failure to complete work assigned. She asserts that this was in further retaliation for the charge of discrimination she had filed. Id. at ¶ 23. Plaintiff's two day per week teleworking privileges were revoked and she was moved from the third floor to the second floor where the lower pay grades were stationed. Id. at ¶ 24. On June 28, 2012, Plaintiff received a notice of suspension without pay for the period July 2-13, 2012. Id. at ¶ 25. On August 1, 2012, Plaintiff filed another charge of discrimination with the EEOC for retaliation in regard to the two-week suspension. Id. at ¶ 26. On August 16, 2012, she was terminated in retaliation for engaging in protected activity. Id. at ¶ 27. On August 23, 2012, Plaintiff filed an amended charge of discrimination with the EEOC for the two-week suspension and termination of her employment. Id. at ¶ 28.

On May 14, 2013, Plaintiff filed this Complaint, within ninety (90) days of receipt of the EEOC Right-to-Sue Notice, alleging that Defendant's actions constitute unlawful discrimination based upon retaliation and wrongful termination of her employment. Plaintiff seeks monetary damages and injunctive relief. On January 21, 2014 Defendant filed this Motion to Dismiss. Plaintiff perfected service upon Defendant on April 7, 2014. The issue remaining for the Court is whether Plaintiff's Complaint states sufficient facts to survive Defendant's Motion to Dismiss under Rule 12(b)(6).

## II. DISCUSSION

### A. Standard of Review

In reviewing a Rule 12(b)(6) motion, "the court should accept as true all well-pleaded allegations and should view the complaint in a light most favorable to the plaintiff." Mylan Labs., Inc. v. Matkari, 7 F.3d 1130, 1134 (4th Cir. 1993). The plaintiff's "[f]actual allegations must be enough to raise a right to relief above the speculative level." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007). "[O]nce a claim has been stated adequately, it may be supported by showing any set of facts consistent with the allegations in the complaint." Id. at 563. A complaint attacked by a Rule 12(b)(6) motion to dismiss will survive if it contains enough facts to "state a claim to relief that is plausible on its face." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Twombly, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id.

In Iqbal, the Supreme Court articulated a two-step process for determining whether a complaint meets this plausibility standard. First, the court identifies allegations that, because they are no more than conclusions, are not entitled to the assumption of truth. Id. "Threadbare

recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Id. (citing Twombly, 550 U.S. at 555) (allegation that government officials adopted challenged policy "because of" its adverse effects on protected group was conclusory and not assumed to be true). Although the pleading requirements stated in "Rule 8 [of the Federal Rules of Civil Procedure] mark[] a notable and generous departure from the hyper-technical, code-pleading regime of a prior era ... it does not unlock the doors of discovery for a plaintiff armed with nothing more than conclusions." Id. at 678-79.

Second, to the extent there are well-pleaded factual allegations, the court should assume their truth and then determine whether they plausibly give rise to an entitlement to relief. Id. at 679. "Determining whether a complaint contains sufficient facts to state a plausible claim for relief "will ... be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." Id.. "Where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged-but it has not 'show[n]'-'that the pleader is entitled to relief,'" and therefore should be dismissed. Id. (quoting Fed. R. Civ. P. 8(a)(2)). In other words, if after taking the complaint's well-pleaded factual allegations as true, a lawful alternative explanation appears a "more likely" cause of the complained of behavior, the claim for relief is not plausible. Id.

**B.** **Wrongful Termination and State Law Claims**

In her Response, Plaintiff does not oppose dismissal of her wrongful termination claim, her punitive damages claim, and her state law claims. Consequently, the undersigned respectfully recommends that Defendant's Motion to Dismiss be granted as to these claims.

**C.** **Retaliation Claim**

Plaintiff argues that she has sufficiently plead her claim for unlawful discrimination based upon retaliation under Title VII. In order to establish a prima facie case of retaliation under Title VII, a plaintiff must show: "(1) that [s]he engaged in protected activity; (2) an adverse employment action; and (3) a causal connection between the activity and the adverse action." Thompson v. Potomac Elec. Power Co., 312 F.3d 645, 650 (4th Cir. 2002); Anderson v. G.D.C., Inc., 281 F.3d 452, 458 (4th Cir. 2002). The Fourth Circuit has expansively interpreted what constitutes protected activity under the statute's participation clause, holding that "the provision is meant to sweep broadly." Glover v. South Carolina Law Enforcement Div., 170 F.3d 411, 414 (4th Cir. 1999) (citing Merritt v. Dillard Paper Co., 120 F.3d 1181, 1186 (11th Cir. 1997)). To qualify as an "adverse employment action," the employer must have engaged in activity adversely affecting the "terms, conditions, or benefits of employment." Von Gunten v. Maryland, 243 F.3d 858, 866 (4th Cir. 2001).

Defendant asserts that Plaintiff's February 10, 2011 complaint was filed with the EEOC more than eighteen months prior to her termination date of August 16, 2012. Defendant also argues that Plaintiff has failed to allege facts showing a causal connection between her charges of discrimination and Defendant's adverse employment actions.

The undersigned finds that Plaintiff has sufficiently plead her claim for retaliation under Title VII. After filing her February 10, 2011 EEOC complaint, Plaintiff alleges that she was subjected to harassment and disparate treatment. She alleges that she was assigned work that was not part of her job description, intensely scrutinized by her supervisor, and subjected to a different leave process. Plaintiff also alleges that she was placed on a Performance Improvement Plan after complaining about her treatment.

Plaintiff filed two more EEOC complaints. After filing her second complaint, Plaintiff alleges that she received a written warning for personal misconduct, unsatisfactory job performance and willful failure to complete her assigned work. She alleges that this action was further retaliation for her charges of discrimination. Compl. ¶ 23. She also alleges that her teleworking privileges were revoked and she was moved to the second floor where lower pay grades were stationed. Compl. ¶ 24. On June 28, 2012, three months after filing her second charge with the EEOC, Plaintiff was suspended without pay for the period July 2-13, 2012. Compl. ¶ 25. On August 1, 2012, Plaintiff filed her third charge of discrimination with EEOC. Compl. ¶ 26. On August 16, 2012, less than a month after filing her last charge, Plaintiff alleges that she was terminated in retaliation for engaging in protected activity. Compl. ¶ 27. The undersigned finds these allegations sufficiently plead Plaintiff's claim for retaliation under Title VII, and respectfully recommends that Defendant's Motion to Dismiss the retaliation claim be denied.

## IV. RECOMMENDATION

FOR THE FOREGOING REASONS, the undersigned respectfully recommends that "Defendant's Motion to Dismiss," Doc. 12, be GRANTED IN PART and DENIED IN PART.

## V. NOTICE OF APPEAL RIGHTS

The parties are hereby advised that, pursuant to 28 U.S.C. §636(b)(1)(c), written objections to the proposed findings of fact and conclusions of law and the recommendation contained in this Memorandum must be filed within fourteen (14) days after service of same. Failure to file objections to this Memorandum with the District Court constitutes a waiver of the right to de novo review by the District Judge. Diamond v. Colonial Life, 416 F.3d 310, 315-16 (4th Cir. 2005); Wells v. Shriners Hosp., 109 F.3d 198, 201 (4th Cir. 1997); Snyder v. Ridenour,

889 F.2d 1363, 1365 (4th Cir. 1989). Moreover, failure to file timely objections will also preclude the parties from raising such objections on appeal. Thomas v. Arn, 474 U.S. 140, 147 (1985); Diamond, 416 F.3d at 316; Page v. Lee, 337 F.3d 411, 416 n.3 (4th Cir. 2003); Wells, 109 F.3d at 201; Wright v. Collins, 766 F.2d 841, 845-46 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984).

The Clerk is directed to send copies of this Memorandum and Recommendation to counsel for the parties; and to the Honorable Max O. Cogburn, Jr.

**SO RECOMMENDED**.

Signed: April 8, 2014

_____
David S. Cayer
United States Magistrate Judge